Shelley Middleton v. Commissioner.
Middleton v. Commissioner
Docket No. 26094.
United States Tax Court
1951 Tax Ct. Memo LEXIS 185; 10 T.C.M. (CCH) 592; T.C.M. (RIA) 51193; June 21, 1951
*185 J. P. Hill, Esq., Atlantic Nat. Bank Bldg., Jacksonville, Fla., W. R. Frazier, Esq., and M. H. Myerson, Esq., for the petitioner. William A. Oliver, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $164.25 in income tax for 1943 and determined that a 50 per cent addition to the deficiency was due under section 293 for the following years in the following amounts: 1942
$ 701.67
1943
2,373.62
1944
3,947.36
1945
3,066.38
1946
4,581.69
1947
4,560.77 The only question for decision is whether any part of any deficiency for the years 1942 through 1947 is due to fraud with intent to evade tax within the meaning of section 293(b). Findings of Fact The petitioner filed timely individual income tax returns for each of the years 1942 through 1947 with the collector of internal revenue for the district of Florida. The petitioner is a Negro man who was born in Georgia about 1888. His formal education extended through the third grade. He did farm labor, worked as a waiter in a restaurant, and conducted a wood yard prior to 1939. He opened a restaurant and beer garden in Jacksonville, *186 Florida, at some time prior to 1942, and he continued to operate that business throughout the taxable years. The petitioner accumulated the cash register receipts, bills, records of salary payments to employees, and other data pertaining to the restaurant business, and delivered those records once a month to a bookkeeper who prepared income statements for the restaurant and beer garden for use in filing Federal income tax returns. The petitioner began in 1942 to conduct a gambling game known as Bolita and continued that activity throughout the taxable years. The headquarters for the operation of the gambling activity was in the building occupied by the restaurant and beer garden. He employed runners, sometimes as many as 15, who solicited bets for him. The petitioner kept no records of his gambling activities during the years 1942 through 1945, but began in 1946 and continued through 1947 to keep loose sheets showing the money taken in and the money paid out in the gambling activities. The petitioner destroyed those records after his returns for 1946 and 1947 were prepared. The petitioner, on his original returns for the years 1942 through 1947, honestly reported his income *187 from all sources other than gambling. He did not report any income from gambling on his original returns for the years 1942 through 1945. He reported $3,100 as net income from gambling on his 1946 return and $3,527.30 as net income from gambling on his 1947 return, but described the gambling income on each return as "Special." The petitioner, after consultation with and on advice of an attorney, employed a certified public accountant to make an audit for income tax purposes of his various activities during the years 1942 through 1947. The accountant prepared amended income tax returns for the years 1942 through 1947. Those returns were filed by the petitioner on October 26, 1948. He based the income largely upon the annual increase in net worth of the petitioner. The tax shown on those returns has been paid. The Commissioner has made no changes in income and deductions as shown on the amended returns, except changes resulting in the deficiency for 1943 and changes resulting in an overassessment of $996.09 for 1947. The income from sources other than gambling, as shown on the amended returns, corresponds pretty closely to the amount reported on the original returns. The differences *188 for the most part indicate overstatements on the original returns. The amounts shown as the net income from gambling on the amended returns are as follows: 1942
$ 5,790.62
1943
12,027.71
1944
19,513.74
1945
17,196.06
1946
25,342.77
1947
25,338.04
The petitioner regularly paid bribes to police officers so that they would not interfere with his gambling operations. A part of the deficiency for each year is due to fraud with intent to evade tax. Opinion MURDOCK, Judge: The Court at the time of the hearing was in doubt as to whether the Commissioner had authority to determine additions to the tax for fraud under section 293(b) when he did not determine a deficiency for that year in the same notice, and whether such determinations on his part could be a basis for the jurisdiction of the Tax Court. That question was considered and decided in favor of the Commissioner in a later case and requires no further consideration. Herbert Eck, 16 T.C. - (Feb. 28, 1951). The petitioner has paid the taxes shown on the amended returns and concedes that he owes the deficiency determined for 1943. The only question is whether he is liable for the additions for fraud *189 under section 293(b). The burden of proof on that issue is upon the Commissioner and he must prove by clear and convincing evidence that a part of the deficiency for each year is due to fraud with intent to evade tax. The evidence has been carefully considered and the Court has come to the conclusion that the Commissioner has fully sustained his burden. The petitioner argues in opposition that his failure to report any income from gambling on his original returns for the years 1942 through 1945 "was due solely to his honest belief that the law did not require the reporting of such illegal income for Federal income tax purposes" and his omission of substantial amounts of gambling income from his original returns for the years 1946 and 1947 was "due to inadequate bookkeeping methods, lack of experience, ignorance of accounting methods, mistaken idea of the deductibility of franchise pay-offs and reliance on his public accountant to prepare accurate income tax returns." He says the Court should not overlook the fact that the amended returns were voluntarily filed before any investigation or demand was made by the Bureau of Internal Revenue and the fact that he is an elderly, uneducated *190 Negro of limited education and business experience who has not made any attempt to conceal the substantial assets which he accumulated. The Court has not overlooked these circumstances or any of the arguments advanced on behalf of the petitioner. The petitioner honestly reported his income from activities other than gambling. He was no doubt worried, as he should have been, over the possibility that his gambling game would get him into trouble. His failure to report any of his profits from gambling for the years 1942 through 1945 was perhaps due, in part, to the fear that such disclosure on income tax returns might lead to some police activity, yet that would not be true for 1946 and 1947 for which he reported some, but not all, of his gains. Furthermore, knowledge of his duty to report is at the base of such a fear. Careful study of the record as a whole has led to the conclusion that the petitioner knew in each year that he should report his gambling gains for income tax purposes just as he was reporting his other income, and that he intended to evade the income taxes imposed upon him by law when he deliberately failed to report any of his gambling gains for 1942 through 1945, *191 and to report all of his gains from gambling for the years 1946 and 1947. Decision will be entered for the respondent.